# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

NICHOLAS DORNACKER                                                                    PLAINTIFF
ADC #171308

V.                           No. 5:18CV00174-LPR-JTR

GERALD ROBINSON, Sheriff, *et al.*                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Discussion

On July 5, 2018, Plaintiff Nicholas Dornacker ("Dornacker") filed this *pro se* § 1983 action alleging that, while he was a prisoner in the W.C. "Dub" Brassell Detention Center, Defendants violated his constitutional rights. *See Docs. 2, 4 & 16.*

On December 3, 2019, the Court entered an Order directing Dornacker to

respond, within thirty days, to Defendants' Motion for Judgment on the Pleadings. The Order also directed Dornacker, in light of his release from incarceration, to file a free-world Application to Proceed *In Forma Pauperis. Doc. 38.* Importantly, the Court's Order cautioned Dornacker that failure to comply within the designated time would subject his case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).[1] *Id. at 2.* Dornacker did not respond to the Court's Order.

On January 23, 2020, Defendants filed a Motion to Dismiss, arguing that Dornacker's case should be dismissed, pursuant to Local Rule 5.5(c)(2) and Fed. R. Civ. P. 41(b), for failure to obey the Court's December 3, 2019 Order and failure to prosecute this matter. *Doc. 40.*

On January 29, 2020, the Court entered an Order directing Dornacker to respond, on or before February 12, 2020, to Defendants' Motion to Dismiss. *Doc. 41*. The Court also gave Dornacker until February 12, 2020 to comply with the December 3, 2019 order to respond to Defendants' Motion for Judgment on the

---

[1] On July 6, 2018, the Court advised Dornacker of his responsibilities under Local Rule 5.5(c)(2). *Doc. 3.* The Local Rule provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Pleadings, and to file a free-world Application to Proceed *In Forma Pauperis*. The Court again advised Dornacker that, if he did not respond, his case would be subject to dismissal under Local Rule 5.5(c)(2). *Id.*

As of the date of this Recommendation, Dornacker has not complied with the Court's December 3, 2019 or January 29, 2020 Orders, nor has he responded to Defendants' Motion for Judgment on the Pleadings or their Motion to Dismiss for failure to prosecute. The time to do so has expired. Dornacker's last communication with the Court was on July 10, 2019, when he notified the Clerk of his change of address. *Doc. 28.*

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' Motion to Dismiss (*Doc. 40)* be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2.  Defendants' Motion for Judgment on the Pleadings (*Doc. 34)* be DENIED as moot.

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 16th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE